FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

2007 MAY -1  P 4: 08

MARION COLEMAN,                                 :

         Plaintiff,                             :

v.                                              :         CIVIL ACTION NO.: CV207-037

RALPH KEMP, Warden, Wheeler                     :
Correctional Facility; Officer ROBERT           :
BRISTOL; Sgt. CHARLIE WILLIAMS;                 :
JAMES DONALD, Commissioner;                     :
JERAL KICKLIGHTER, and                          :
CLYDE McCALL, Chairman,                         :
Jeff Davis County Commission,                   :

         Defendants.                            :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Calhoun State Prison in Morgan, Louisiana, filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement while he was housed at the Wheeler Correctional Facility in Alamo, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the

complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that Defendant Kemp, the Warden at Wheeler Correctional Facility, violated his right to due process by not having a mental health assessment performed on Plaintiff after he was allegedly assaulted. Plaintiff also asserts this was in violation of a policy. Plaintiff alleges Defendant McCall, as the chairperson of the Jeff Davis County Commission, is responsible for the conduct of the county's employees and that he knew or should have known of Defendant Kicklighter's actions after the first incident. Finally, Plaintiff asserts Defendant Donald, the Commissioner for the Georgia Department of Corrections, failed to have properly trained contract workers to protect

inmates in the Department's custody. Plaintiff contends Defendant Donald failed to take legal action against Defendant Kicklighter. Plaintiff also contends Defendant Donald did not properly investigate and respond to Plaintiff's complaints.

"The Due Process Clause protects against deprivations of 'life, liberty, or property without due process of law.'" Kirby v. Siegelman, 195 F.3d 1285, 1290 (11th Cir. 1999) (quoting U.S. CONST. AMEND. XIV). The Supreme Court has identified two situations in which a prisoner can be deprived of liberty such that the protection of due process is required: (1) there is a change in the prisoner's conditions of confinement so severe that it essentially exceeds the sentence imposed by the court; and (2) the State has consistently given a benefit to prisoners, usually through a statute or administrative policy, and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 1290-91 (quoting Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300, 132 L. Ed. 2d 148 (1995)). Plaintiff has failed to establish even a colorable claim that Defendant Kemp violated his right to due process by failing to have Plaintiff undergo a mental health evaluation after the alleged assaults. In fact, to the contrary, Plaintiff states in his Complaint that he saw a mental health counselor after the second alleged assault. (Compl., ¶ 11.) Plaintiff's claims against Defendant Kemp should be dismissed.

In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. A "causal

connection" may be established when the supervisor is well aware of a "history of widespread abuse" and fails to correct the alleged violations. Id. Constitutional "deprivations that constitute widespread abuse sufficient to notify the supervis[or] must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." Id. Having actual notice of the alleged unconstitutional practices combined with a refusal to investigate or respond comprises such a causal connection. Plaintiff seeks to hold Defendant Donald liable based on his supervisory position as the Commissioner of the Department of Corrections. Plaintiff is not permitted to do so in a section 1983 action, and his claims against Defendant Donald should be dismissed.

A governmental entity "may be held liable for the actions of" its employees when the entity's "official policy causes a constitutional violation." Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). A plaintiff "must identify a . . . policy or custom [which] caused his injury." Id. A governmental entity is subject to liability under section 1983 "when execution of a government's policy or custom . . . inflicts the injury." Mercado v. City of Orlando, 407 F.3d 1152, 1161 (11th Cir. 2005). Plaintiff appears to contend Defendant McCall, as the head of the county commission, should be held liable based on his supervisory position. Plaintiff does not set forth facts which reveal Jeff Davis County had an official policy in place which led to the alleged constitutional violations. Accordingly, Plaintiff's claims against Defendant McCall should be dismissed.

Finally, Plaintiff has sought recovery against Defendants Kicklighter, Bristol, and Williams in their official capacities. A lawsuit against a state official or a state agency in its official capacity is no different from a suit against a state itself; such defendants are

immune. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989). To the extent Kicklighter, Bristol, and Williams are named as Defendants in their official capacities, Plaintiff's claims against these Defendants in their official capacities should be dismissed.

Plaintiff's cognizable claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Kemp, Donald, and McCall be **DISMISSED** for failure to state a claim upon which relief may be granted. It is also my **RECOMMENDATION** that Plaintiff's claims against Defendants Kicklighter, Bristol, and Williams in their official capacities be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this _1st_ day of May, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE