FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2008 MAR 20 PM 3: 11

CLERK _____
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

MARION COLEMAN,

      Plaintiff,

v.

                        CIVIL ACTION NO.: CV207-037

JERAL KICKLIGHTER,

      Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Johnson State Prison in Wrightsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983, contesting certain conditions which occurred while he was housed at Wheeler Correctional Facility in Alamo, Georgia. Defendant Kicklighter filed a Motion for Summary Judgment, and Plaintiff filed a Response. For the reasons which follow, Defendant's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that, while he was housed at Wheeler Correctional Facility, he was assigned to work a detail outside of the facility; according to Plaintiff, Wheeler Correctional Facility contracted with Jeff Davis County to allow its detainees to work with county employees. Plaintiff asserts Defendant Kicklighter, an employee of Jeff Davis County, sexually assaulted him on two (2) occasions.

Defendant Kicklighter asserts Plaintiff and some other inmates squirted him with water guns at the dump site for the work detail where Plaintiff was picking up trash.

AO 72A
(Rev. 8/82)

Defendant Kicklighter contends he asked the inmates where they got the water guns, and Plaintiff told him they urinated in the guns. Defendant Kicklighter also asserts he grabbed Plaintiff by the hips. Defendant Kicklighter further asserts he tried to apologize to Plaintiff in an attempt to calm the situation because the other inmates started making fun of Plaintiff. Defendant Kicklighter contends Plaintiff's Eighth Amendment claim against him fails on the merits. Defendant Kicklighter also contends Plaintiff's claims are barred by the Prison Litigation Reform Act ("PLRA"). Finally, Defendant Kicklighter contends Plaintiff cannot show he was a "state actor".

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Williamson Oil

Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Defendant Kicklighter avers the events about which Plaintiff complains do not rise to the level of a sexual assault in violation of the Eighth Amendment. Defendant Kicklighter alleges Plaintiff complains of momentary (less than a second) contact on two (2) occasions. Defendant Kicklighter asserts Plaintiff admits to having no physical injuries as a result of this contact, only alleged emotional harm.

Plaintiff contends Defendant Kicklighter intentionally and maliciously fondled Plaintiff's buttocks with his genital area while Plaintiff was using the restroom. Plaintiff alleges Defendant Kicklighter "openly attacked [him] and fondled [his] buttocks on side of public road in presence of others (sic)." (Doc. No. 74, p. 3). Plaintiff also alleges Defendant Kicklighter's actions caused him to suffer psychological and emotional harm.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. The Eighth Amendment's proscription against cruel and unusual punishment governs the use of force against a convicted inmate. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir.1999). In considering an Eighth Amendment excessive force claim, there are "both . . . subjective and objective component[s]" to consider: "(1) whether the 'officials act[ed] with a sufficiently culpable state of mind', and (2) 'if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation.'" Johnson v. Moody, 206 Fed. Appx. 880, 883 (11th Cir. 2006) (quoting Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992)).

Under the subjective prong of the analysis involved in excessive force claims under the Eighth Amendment, "force is deemed legitimate . . . only as long as it is applied 'in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically for the very purpose of causing harm.'" Id. (quoting Hudson, 503 U.S. at 6, 112 S. Ct. at 998). The are "[f]ive factors relevant to ascertaining whether force was used 'maliciously and sadistically'" for the purpose of causing harm: "(1) the extent of the injury, (2) the need for application of force, (3) the relationship between the need and the amount of force used, (4) any efforts made to temper the severity of a forceful response, and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible official[ ][1] on the basis of facts known to [him]." Id. (quoting Campbell, 169 F.3d at 1375).

The next step is "whether the alleged wrongdoing was 'objectively harmful enough to establish a constitutional violation.' Eighth Amendment claims based on *de*

---

[1] For purposes of this Motion, the undersigned has presumed Defendant Kicklighter was a "state actor" at the time of the events giving rise to Plaintiff's Complaint.

*minimis* uses of physical force by prison guards are not cognizable unless they involve 'force that is repugnant to the conscience of mankind.'" Id. at 884-85 (quoting Hudson, at 9-10, 112 S. Ct. at 1000). "[A]n injury can be 'objectively, sufficiently serious' [to constitute a constitutional violation] only if there is more than *de minimus* injury." Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir.2006).

In his Statement of Undisputed Material Facts[2], Defendant Kicklighter asserts Plaintiff's characterization of the Defendant "hunching" him reveals this incident lasted less than one second, Defendant Kicklighter was fully clothed during this incident, and Plaintiff did not have any physical injuries as a result of this contact. (Doc. No. 46, ¶¶ 14-17). Defendant Kicklighter also asserts Plaintiff's characterization of the second alleged incident reveals Plaintiff's contentions that Defendant Kicklighter grabbed Plaintiff's butt with his hand but did not rub his crotch against him, Plaintiff was fully clothed, Plaintiff did not experience any physical injury as a result of this incident, and Plaintiff did not receive any medical treatment related to his interaction with Defendant Kicklighter. (Id. at ¶¶ 21-24).

Plaintiff submitted a copy of the Incident Report detailing the second alleged incident. This report indicates Defendant Kicklighter walked up behind Plaintiff and placed both of his hands around Plaintiff's waist; Plaintiff "became irate" at that time. (Pl.'s Ex. 1-C). The Warden's response to this Report seems to indicate his findings that Defendant Kicklighter acted inappropriately and that corrective action had been taken. Plaintiff also submitted a copy of the Use of Force Examination form. According

---

[2] Defendant Kicklighter draws his Statement of Undisputed Facts from Plaintiff's deposition, which was taken on July 31, 2007. (Doc. No. 50). The undersigned has reviewed the transcript from Plaintiff's deposition, and Defendant Kicklighter accurately relays the information contained in the transcript. Thus, the undersigned will not specifically address Plaintiff's deposition testimony, for to do so would be redundant.

to this form, Plaintiff complained about a "city worker [putting] his hands" on him. (Pl.'s Ex. 1-D). This examination revealed Plaintiff suffered no physical injury stemming from this incident. Finally, Plaintiff submitted Witness Statements from Robert Bristow and Charlie Williams, both of whom were officers at Wheeler Correctional Facility during the relevant time. Officer Bristow stated Defendant Kicklighter grabbed Plaintiff by his sides and that he advised Defendant Kicklighter that he could not touch the inmates in any way. (Pl.'s Ex. 1-F). Officer Williams stated that Officer Bristow relayed to him that Defendant Kicklighter placed his hands on Plaintiff "in a manner that [was] very inappropriate." (Pl.'s Ex. 1-G).

The evidence before the Court indicates Defendant Kicklighter placed his hands on Plaintiff on at least one (1) occasion[3] and that Plaintiff suffered absolutely no physical injury from this contact. At best, the evidence indicates Plaintiff has had dreams in which he heard voices telling him to "kill him, kill him, kill him." (Doc. No. 50, p. 47). However, as a matter of law, this purported emotional injury is insufficient to rise to the level of establishing the violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Defendant Kicklighter should be entitled to summary judgment in his favor.

It is unnecessary to address the remaining grounds of Defendant Kicklighter's Motion for Summary Judgment.

---

[3] The evidence of record, including Defendant Kicklighter's assertions, supports Plaintiff's contention that Defendant Kicklighter made contact of some sort with Plaintiff on April 11, 2005. On the other hand, the only evidence which supports Plaintiff's contention that Defendant Kicklighter touched him on another occasion is Plaintiff's Complaint and the transcript of his deposition testimony. Even accepting as true that Defendant Kicklighter touched Plaintiff on more than one occasion in an inappropriate manner, there is no evidence before the Court to support a finding that Plaintiff suffered anything more than a *de minimis* injury as a result of this other occasion. See Washington v. Harris, 186 Fed. Appx. 865, 866 (11th Cir. 2006) (finding that defendant's alleged sexual assault of the plaintiff was "inappropriate and vulgar", but the plaintiff's contentions of "only momentary pain, psychological injury, embarrassment, humiliation, and fear" were *de minimis* injuries which did not rise to the level of constitutional harm).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant Kicklighter's Motion for Summary Judgment be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED AND RECOMMENDED**, this _20th_ day of March, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE